PAUL L. REIN, Esq. (SBN 43053)
AARON M. CLEFTON, Esq.  (SBN 318680)
REIN & CLEFTON, Attorneys at Law
200 Lakeside Drive, Suite A
Oakland, CA  94612
Telephone:  510/832-5001
Facsimile:  510/832-4787
info@reincleftonlaw.com

Attorneys for Plaintiff
MEREDITH BRIGHT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MEREDITH BRIGHT<br><br>        Plaintiff,<br><br><br>    v.<br><br><br><br>DALE STOCKBRIDGE dba ELLIOTT'S BAR,<br><br><br>        Defendant. | CASE NO.<br><u>Civil Rights</u><br><br>COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES:<br><br>1.  Violation of the California Disabled Persons Act (Cal. Civil Code § 54 *et seq.*)<br><br>2.  Violation of the California Unruh Act (Cal. Civil Code §§ 51 and 52)<br><br>3.  Violations of Americans with Disabilities Act of 1990 (42 U.S.C. § 12101 *et seq.*)<br><br><u>DEMAND FOR JURY TRIAL</u> |

Plaintiff MEREDITH BRIGHT complains of Defendant DALE STOCKBRIDGE dba ELLIOTT'S BAR, and alleges as follows:

1.     **INTRODUCTION:**  On May 14, 2022, Plaintiff attempted to enjoy a night out with her boyfriend at Elliott's Bar located at 369 Hartz Ave, Danville, California.  However, Defendant's bartender refused to allow the disabled Plaintiff to enter the premises despite her herculean efforts to explain the laws surround service animals to Defendant.  This lawsuit seeks injunctive relief and damages against the owners and operators of Elliott's Bar for denying full and equal access to Plaintiff Meredith Bright, a disabled person who uses a service dog.

2.     Plaintiff enjoys going out with friends at local bars and restaurants in and near

Danville.  She intends to return to patronize Elliott's Bar but cannot do so until the policies of the bar are made accessible to disabled individuals who use service dogs, including revision of its service dog policies and necessary employee training and/or re-training.  She has brought this lawsuit to force Defendant to change its discriminatory and illegal policies and compensate her for refusing to allow her to enter the bar because she is a disabled person who needs the assistance of her qualified service dog.  Plaintiff seeks an injunction to protect the rights of all disabled persons, including Plaintiff, when accompanied by a qualified service dog at Elliott's Bar.

3.      **JURISDICTION:**  This Court has jurisdiction of this action pursuant to 28 USC sections 1331 and 1343.  This Court has jurisdiction over the claims brought under California law pursuant to 28 U.S.C. § 1367.

4.      **VENUE:**  Venue is proper in this court pursuant to 28 USC section 1391(b) and is proper because the real property which is the subject of this action is located in this district and that Plaintiff's causes of action arose in this district.

5.      **INTRADISTRICT:**  This case should be assigned to the Oakland intradistrict because the real property which is the subject of this action is located in this intradistrict and Plaintiff's causes of action arose in this intradistrict.

6.      **PARTIES:**  Plaintiff Meredith Bright is a "qualified" disabled person.  She suffers from Elhers-Danlos Syndrome which is a connective tissue disease which affects her mobility, balance, ability to bend, and circulatory system, and she also suffers from Post-traumatic Stress Disorder (PTSD).  Plaintiff relies upon her service dog, a Belgium Malinois named "Izzy," to assist her with certain tasks to help her manager her PTSD symptoms including hugging Plaintiff on when she is signaled to do so, lick Plaintiff to disrupt behaviors, and lean on Plaintiff when Izzy senses Plaintiff is displaying symptoms of anxiety.  Izzy was professionally trained by North County Canine for behavior, and Plaintiff has personally trained Izzy to perform the specific tasks she needs.  Plaintiff has extensive personal experience training dogs, and she continues to reinforce Izzy's training daily.  Plaintiff is a qualified person with a disability as defined under federal and state law.  42 U.S.C. § 12102, 29 U.S.C. § 705(9)(B), and California Government

1   Code § 12926(1).

2         7.     Defendant DALE STOCKBRIDGE dba ELLIOTT'S BAR, is and was at all times

3   relevant to this Complaint the owner, operator, lessor and/or lessee of the subject business,

4   property and building located at 369 Hartz Ave, Danville, California, known as the Elliott's Bar.

5         8.     Elliott's Bar is a place of "public accommodation" and a "business establishment"

6   subject to the requirements *inter alia* of multiple categories of 42 U.S.C. section 12181(7) of the

7   Americans with Disabilities Act of 1990, of California Civil Code sections 51 *et seq.*, and of

8   California Civil Code sections 54 *et seq.*

9         9.    **FACTUAL STATEMENT:** Plaintiff Meredith Bright has been working with her

10  service dog Izzy for six months.  Izzy is a Belgium Malinois who was individually trained to be a

11  service dog.  Plaintiff trained and continues to train Izzy to serve her specific needs throughout

12  their relationship.  Izzy is specifically trained to assist Plaintiff with certain tasks to help her

13  manager her PTSD symptoms including hugging Plaintiff on when she is signaled to do so, lick

14  Plaintiff to disrupt behaviors on command, and lean on Plaintiff when Izzy senses Plaintiff is

15  displaying symptoms of anxiety, such as shaking or crying, to disrupt panic attacks.

16       10.    Izzy is a working dog; he is not a pet.  Plaintiff and Izzy have trained extensively

17  together, and they supplement that training daily.  Plaintiff takes Izzy almost everywhere with her

18  in public.  It is important they stay together at all times because (a) Izzy provides important

19  services for Plaintiff; and (b) it is part of the training and bonding requirement that they be

20  together constantly to maintain their bond.  Where Plaintiff goes, Izzy goes.  Below is a

21  photograph of Izzy the night that she and Plaintiff were denied access at the Elliott's Bar that

22  clearly shows her collar reads "Service Dog:"

23

24

25

26

27

28

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17



18       11.      On May 14, 2022, Plaintiff and her boyfriend Bobby made a plan to go out for

19 dinner in Danville, California.  Plaintiff was accompanied by her service dog Izzy during their

20 night out.  The couple had a wonderful meal at the restaurant Revel nearby.  Plaintiff had no

21 difficulty at the restaurant with Izzy.  She was clearly identified as a service dog, and the host at

22 Revel seated them without issue.  Izzy remained at Plaintiff's feet for the entire meal except for a

23 couple of times when she alerted Plaintiff of rising anxiety symptoms due a waiter who stood too

24 close for Plaintiff's comfort.

25       12.      After their dinner, Plaintiff and Bobby decided to look for a bar where they could

26 shoot some pool or play another bar game before calling it a night.  They walked down the street

27 and saw that Elliott's Bar had a shuffleboard table.  The couple decided to have a drink and play a

28

couple of rounds of shuffleboard.  Plaintiff, Izzy and Bobby entered the Elliott's Bar.  They approached the bar and began to sit down to order a drink.  However, the bartender immediately told Plaintiff that she could not be inside the bar with her dog.  He informed her that she must sit at the outdoor tables which were in a small patio area in front of the bar.  There were no bar games available outdoors.

13.   Plaintiff explained to the bartender that Izzy is a service dog and it therefore allowed to accompany her anywhere in a public accommodation where the general public is allowed.  The bartender told Plaintiff that it was the policy of Elliott's Bar that service dogs had to stay outside of the bar.  Plaintiff again told the bartender that it was against the law to refuse them service inside and offered to show the bartender the ADA on her phone.

14.   The bartender continued to refuse to serve them inside the bar.  This interaction embarrassed Plaintiff in front of several onlookers.  It was clear to Plaintiff that the bartender was not going to serve them inside the bar.

15.   Plaintiff felt upset, humiliated, and defeated.  Since Plaintiff and Bobby really wanted to play shuffleboard and it was clear that they were not going to be allowed to do so, they decided to leave Elliott's Bar and head home for the evening.  It was a sour end to an otherwise lovely evening for Plaintiff.

16.   Plaintiff wishes to return to the Elliott's Bar, but only *after* Defendant's have implemented proper service animal policies and training of its staff.  Plaintiff is deterred from returning to the bar until these policies and training are in place.

### FIRST CAUSE OF ACTION:
### DAMAGES AND INJUNCTIVE RELIEF
### FOR DENIAL OF FULL AND EQUAL ACCESS TO PUBLIC FACILITIES  IN A PUBLIC ACCOMMODATION
### (Civil Code §§ 54 *et seq.*)

17.   Plaintiff re-pleads and incorporates by reference, as if fully set forth hereafter, the factual allegations contained in Paragraphs 1 through 16 of this Complaint and all paragraphs of the third cause of action, as plead infra, incorporates them herein as if separately re-pleaded.

18.   Under the California Disabled Persons Act (CDPA), people with disabilities are entitled to the "full and free use of . . . public buildings, . . . public facilities, and other public

places." Civil Code § 54(a).

19.     Civil Code section 54.1(a)(1) further guarantees the right of "full and equal access" by persons with disabilities to "accommodations, advantages, facilities . . . hotels, lodging places of accommodation, amusement or resort, or other places to which the general public is invited." Civil Code § 54.1(c) also specifies that, "individuals with a disability and persons authorized to train service dogs for individuals with a disability, may take dogs, for the purpose of training them as guide dogs, signal dogs, or service dogs in any of the places specified in subdivisions (a) and (b)."

20.     Civil Code section 54.2(a) specifically protects the right of "every individual with a disability" "to be accompanied by a guide dog, signal dog, or service dog, especially trained for the purpose, in any of the places specified in Section 54.1."

21.     Civil Code section 54.3(b) makes liable "Any person or persons, firm or corporation who denies or interferes with admittance to or enjoyment of the public facilities as specified in Sections 54 and 54.1 or otherwise interferes with the rights of an individual with a disability under Sections 54, 54.1 and 54.2. This section also specifies that, "'[I]nterfere,' for purposes of this section, includes, but is not limited to, preventing or causing the prevention of a guide dog, signal dog, or service dog from carrying out its functions in assisting a disabled person."

22.     Defendant is also in violation of California Penal Code section 365.5(b) which states:

> No blind person, deaf person, or disabled person and his or her specially trained guide dog, signal dog, or service dog shall be denied admittance to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited within this state because of that guide dog, signal dog, or service dog.

23.     Elliot's Bar is a public accommodation within the meaning of the CDPA. On information and belief, Defendant is the owners, operators, lessors or lessees of the public accommodation.

24.     Defendant made the decision to knowingly and willfully exclude Plaintiff and her service dog from its public accommodation and thereby deny Plaintiff her right of entrance into its place of business with her service dog.  As a result of that decision Plaintiff has faced the continuing discrimination of being barred from entering this large public accommodation and place of business based upon Defendant's illegal prohibition of her legally protected use of her service dog.  Plaintiff has continued to suffer denial of access to these facilities, and faces the prospect of unpleasant and discriminatory treatment should she attempt to return to these facilities.  Plaintiff is unable to return to the Elliott's Bar until she receives the protection of this Court's injunctive relief, and she has continued to suffer discrimination on a daily basis since May 14, 2022, all to her statutory damages pursuant to California Civil Code §§ 54.1, 54.2, and 54.3 and California Penal Code section 365.5.

25.     **INJUNCTIVE RELIEF:**  Plaintiff seeks injunctive relief to prohibit the acts and omissions of Defendant as complained of herein which are continuing on a day-to-day basis and which have the effect of wrongfully excluding Plaintiff and other members of the public who are physically disabled, including mobility disabled individuals who require the assistance of service animals, from full and equal access to these public facilities.  Such acts and omissions are the cause of humiliation and mental and emotional suffering of Plaintiff in that these actions continue to treat Plaintiff as an inferior and second-class citizen and serve to discriminate against her on the sole basis that she is a person with disabilities who requires the assistance of a service animal.

26.     Plaintiff wishes to return to patronize the Elliott's Bar but is deterred from returning to use these facilities, because the lack of access and the significant policy barriers will foreseeably cause her further difficulty, discomfort and embarrassment, and Plaintiff is unable, so long as such acts and omissions of Defendant continue, to achieve equal access to and use of these public facilities.  Therefore, Plaintiff cannot return to patronize Elliott's Bar and its facilities and is deterred from further patronage until these facilities are made properly accessible for disabled persons, including Plaintiff and other disabled persons and disabled individuals who require the assistance of a service animal.

27.     The acts of Defendant have proximately caused and will continue to cause

7

irreparable injury to Plaintiff if not enjoined by this Court. Plaintiff seeks injunctive relief as to Defendant's inaccessible policies. As to the Defendant that currently own, operate, and/or lease (from or to) the subject premises, Plaintiff seeks preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices that deny full and equal access for disabled persons, and seeks an award of reasonable statutory attorney fees, litigation expenses and costs.

28. Wherefore Plaintiff asks this Court to preliminarily and permanently enjoin any continuing refusal by Defendant to grant full and equal access to Plaintiff in the ways complained of and to require Defendant to comply forthwith with the applicable statutory requirements relating to access for disabled persons. Such injunctive relief is provided by California Civil Code sections 54.1, 54.2 and 55, and other laws. Plaintiff further requests that the Court award damages pursuant to Civil Code section 54.3 and other law and attorney fees, litigation expenses, and costs pursuant to Civil Code sections 54.3 and 55, Code of Civil Procedure section 1021.5 and other law, all as hereinafter prayed for.

29. **DAMAGES:** As a result of the denial of full and equal access to the described facilities and due to the acts and omissions of Defendant in owning, operating, leasing, constructing, altering, and/or maintaining the subject facilities, Plaintiff has suffered a violation of her civil rights, including but not limited to rights under Civil Code sections 54 and 54.1, and has suffered difficulty, discomfort and embarrassment, and physical, mental and emotional personal injuries, all to her damages per Civil Code section 54.3, including general and statutory damages, and treble damages, as hereinafter stated. Defendant's actions and omissions to act constitute discrimination against Plaintiff on the basis that she was and is disabled and unable, because of the policy barriers created and/or maintained by the Defendant in violation of the subject laws, to use the public facilities on a full and equal basis as other persons. The violations have deterred Plaintiff from returning to attempt to patronize Elliott's Bar and will continue to cause her damages each day these barriers to access and policy barriers continue to be present.

30. **TREBLE DAMAGES:** Plaintiff has been damaged by Defendant's wrongful conduct and seeks the relief that is afforded by Civil Code sections 54, 54.1, and 54.3. At all times herein mentioned, Defendant was fully aware that significant numbers of potential users of

its public facilities were and are and will be disabled persons, including those individuals who require the assistance of a service animal, and would have need of facilities that complied with California Title 24 and ADAAG standards for accessible facilities. Despite this knowledge, Defendant installed and maintained the policy barriers complained of, and failed to remove these barriers, and have failed to provide and maintain properly accessible facilities, including but not limited to those previously noted hereinabove, as required by state and federal law. On information and belief, Defendant has ignored complaints about the lack of proper disabled access by Plaintiff and by other disabled persons. Defendant has continued its illegal and discriminatory practices despite actual knowledge that persons with physical mobility disabilities may attempt to patronize Elliott's Bar and encounter illegal service dog policy barriers which deny them full and equal access when they do so.

31.     At all times herein mentioned, Defendant knew, or in the exercise of reasonable diligence should have known, that its practices at the subject facilities violated disabled access requirements and standards, and would have a discriminatory effect upon Plaintiff and upon other disabled persons who work with service dogs, but Defendant has failed to rectify the violations, and presently continue a course of conduct of maintaining policy barriers that discriminate against Plaintiff and similarly situated disabled persons. For the foregoing reasons, Plaintiff alleges that an award of statutory treble damages is appropriate.

32.     Further, although it is not necessary for Plaintiff to prove wrongful intent in order to show a violation of California Civil Code sections 54 and 54.1 or of Title III of the ADA (*see Donald v. Café Royale*, 218 Cal. App. 3d 168 (1990)), Defendant's behavior was intentional. Defendant was aware and/or was made aware of their duties to refrain from establishing discriminatory policies against physically disabled persons, prior to the filing of this complaint. Defendant's establishment of its discriminatory policy to deny and restrict entry to persons with service dogs, and their implementation of such a discriminatory policy against Plaintiff, indicate actual and implied malice toward Plaintiff and conscious disregard for her rights and safety.

33.     **FEES AND COSTS:** As a result of Defendant's acts, omissions, and conduct, Plaintiff has been required to incur attorney fees, litigation expenses, and costs as provided by

1  statute, in order to enforce Plaintiff's rights and to enforce provisions of the law protecting access

2  for disabled persons and prohibiting discrimination against disabled persons.  Plaintiff therefore

3  seeks recovery of all reasonable attorney fees, litigation expenses, and costs, pursuant to the

4  provisions of Civil Code sections 54.3 and 55.  Additionally, Plaintiff's lawsuit is intended to

5  require that Defendant make its facilities accessible to all disabled members of the public,

6  justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions

7  of California Code of Civil Procedure section 1021.5 and other applicable law.

8    34. Plaintiff suffered damages as above described as a result of Defendant's violations.

9  Damages are ongoing based on her deterrence from returning to the Elliott's Bar.

10    WHEREFORE, Plaintiff prays for relief as hereinafter stated.

11  **SECOND CAUSE OF ACTION:**

12  **VIOLATION OF CALIFORNIA LAW INCLUDING: THE UNRUH ACT, CIVIL CODE SECTIONS 51 AND 52, AND THE AMERICANS WITH DISABILITIES ACT AS INCORPORATED**

13  **BY CIVIL CODE SECTION 51(f)**

14    35. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein,

15  the allegations contained in Paragraphs 1 through 34 of this Complaint and incorporates them

16  herein as if separately re-pleaded.

17    36. At all times relevant to this action, the Unruh Civil Rights Act, California Civil

18  Code § 51(b), provided that:

19  All persons within the jurisdiction of this state are free and equal, and no matter
20  what their sex, race, color, religion, ancestry, national origin, disability, or medical
   condition are entitled to the full and equal accommodations, advantages, facilities,
21  privileges, or services in all business establishments of every kind whatsoever.

22    37. California Civil Code section 52 provides that the discrimination by Defendant

23  against Plaintiff on the basis of her disability constitutes a violation of the general anti-

24  discrimination provisions of sections 51 and 52.

25    38. Each of Defendant's discriminatory acts or omissions constitutes a separate and

26  distinct violation of California Civil Code section 52, which provides that:

27  Whoever denies, aids or incites a denial, or makes any discrimination or distinction
   contrary to section 51, 51.5, or 51.6 is liable for each and every offense for the
28  actual damages, and any amount that may be determined by a jury, or a court sitting

without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6.

39.     Any violation of the Americans with Disabilities Act of 1990 constitutes a violation of California Civil Code section 51(f), thus independently justifying an award of damages and injunctive relief pursuant to California law, including Civil Code section 52.  Per Civil Code section 51(f), "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."

40.     The actions and omissions of Defendant as herein alleged constitute a denial of access to and use of the described public facilities by disabled persons who use service dogs within the meaning of California Civil Code sections 51 and 52.  As a proximate result of Defendant's action and omissions, Defendant has discriminated against Plaintiff in violation of Civil Code sections 51 and 52, and are responsible for statutory, compensatory and treble damages to Plaintiff, according to proof.

41.     **FEES AND COSTS:**  As a result of Defendant's acts, omissions and conduct, Plaintiff has been required to incur attorney fees, litigation expenses and costs as provided by statute in order to enforce Plaintiff's rights and to enforce provisions of law protecting access for disabled persons and prohibiting discrimination against disabled persons.  Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses and costs pursuant to the provisions of California Civil Code sections 51 and 52.  Additionally, Plaintiff's lawsuit is intended to require that Defendant make its facilities and policies accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure section 1021.5 and other applicable law.

42.     Plaintiff suffered damages as above-described as a result of Defendant's violations.

WHEREFORE, Plaintiff prays for relief as hereinafter stated.

//

11

**THIRD CAUSE OF ACTION:**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**
**(42 USC §§ 12101 *et seq*.)**

43.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 42, above, and incorporates them herein by reference as if separately repled hereafter.

44.     In 1990 Congress passed the Americans with Disabilities Act after finding that laws were needed to more fully protect "some 43 million Americans with one or more physical or mental disabilities; that historically society has tended to isolate and segregate individuals with disabilities;" that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem"; that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals"; and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous."  42 U.S.C. § 12101(a).

45.     The ADA provides, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation." 42 USC § 12182.

46.     Plaintiff is a qualified individual with a disability as defined in the Rehabilitation Act and in the Americans with Disabilities Act of 1990.

47.     Elliott's Bar is a public accommodation within the meaning of Title III of the ADA.  42 U.S.C. § 12181(7)(B).

48.     The ADA prohibits, among other types of discrimination, "failure to make reasonable modifications in policies, practices or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities."  42 U.S.C. § 12182(b)(2)(A)(ii).

49.     Under the "2010 Revised ADA Requirements: Service Animals," as published by

the United States Department of Justice, and distributed by the DOJ's Civil Rights Division,

Disability Rights Section, "Generally, title II and title III entities must permit service animals to

accompany people with disabilities in all areas where members of the public are allowed to go."

ADA 2010 Revised Requirements, www.ada.gov/service -animals-2010.htm  Further,

> **Under the ADA, State and local governments, businesses, and nonprofit organizations that serve the public generally must allow service animals to accompany people with disabilities in all areas of the facility where the public is normally allowed to go.**

*Ibid.*, emphasis in original.

50.     Defendant has a policy and practice of denying access to patrons with service animals.

51.     On information and belief, as of the date of Plaintiff's most recent visit to Elliott's Bar on or about May 24, 2022, Defendant continues to deny full and equal access to Plaintiff and to discriminate against Plaintiff on the basis of her disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of Defendant's premises, in violation of the ADA.

52.     In passing the Americans with Disabilities Act of 1990 (hereinafter "ADA"), Congress stated as its purpose:

> It is the purpose of this Act
>
> (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
>
> (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;
>
> (3) to ensure that the Federal Government plays a central role in enforcing the standards established in this Act on behalf of individuals with disabilities; and
>
> (4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 USC § 12101(b).

53.     As part of the ADA, Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC § 12181 *et seq.*).  The subject property and

13

facility is one of the "private entities" which are considered "public accommodations" for purposes of this title, which includes but is not limited to any "restaurant, bar, or other establishment serving food or drink." 42 USC § 12181(7)(B).

54.     The ADA states that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation." 42 U.S.C. § 12182.  The specific prohibitions against discrimination include, but are not limited to the following:

§ 12182(b)(1)(A)(ii): "Participation in Unequal Benefit. - It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."

§ 12182(b)(2)(A)(ii): "a failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities...;"

§ 12182(b)(2)(A)(iii): "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...;"

§ 12182(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

§ 12182(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable."

The acts and omissions of Defendant set forth herein were in violation of Plaintiff's rights under the ADA and the regulations promulgated thereunder, 28 C.F.R. Part 36 *et seq.*

55.     The removal of each of the policy barriers complained of by Plaintiff as

hereinabove alleged, were at all times herein mentioned "readily achievable" under the standards of sections 12181 and 12182 of the ADA.  As noted hereinabove, removal of each and every one of the policy barriers complained of herein were already required under California law.  In the event that removal of any barrier is found to be "not readily achievable," Defendant still violated the ADA, per section 12182(b)(2)(A)(v) by failing to provide all goods, services, privileges, advantages and accommodations through alternative methods that were "readily achievable."

56.     On information and belief, as of the dates of Plaintiff's encounters at the premises and as of the filing of this Complaint, Defendant's actions, policies, and physical premises have denied and continue to deny full and equal access to Plaintiff and to other disabled persons who work with service dogs, which violates Plaintiff's right to full and equal access and which discriminates against Plaintiff on the basis of her disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of 42 U.S.C. sections 12182 and 12183 of the ADA.

57.     Defendant's actions continue to deny Plaintiff's rights to full and equal access by deterring Plaintiff from patronizing Elliott's Bar and discriminated and continues to discriminate against her on the basis of her disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of Defendant's goods, services, facilities, privileges, advantages and accommodations, in violation of section 12182 of the ADA.  42 U.S.C. § 12182.

58.     Pursuant to the Americans with Disabilities Act, 42 U.S.C. sections 12188 *et seq.,* Plaintiff is entitled to the remedies and procedures set forth in section 204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as Plaintiff is being subjected to discrimination on the basis of her disabilities in violation of sections 12182 and 12183 of this title.  On information and belief, Defendant has continued to violate the law and deny the rights of Plaintiff and other disabled persons to "full and equal" access to this public accommodation since on or before Plaintiff's encounters.  Pursuant to section 12188(a)(2)

[i]n cases of violations of § 12182(b)(2)(A)(iv) and § 12183(a)... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title.  Where appropriate, injunctive relief shall also include requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative

15

methods, to the extent required by this title.

59.     Plaintiff seeks relief pursuant to remedies set forth in section 204(a) of the Civil Rights Act of 1964 (42 USC 2000(a)-3(a)), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990.  Plaintiff is a qualified disabled person for purposes of section 12188(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing she will be subjected to such discrimination each time that she may use the property and premises, or attempt to patronize Elliott's Bar, in light of Defendant's policy barriers.

WHEREFORE, Plaintiff prays for relief as hereinafter stated.

## PRAYER

Plaintiff has no adequate remedy at law to redress the wrongs suffered as set forth in this Complaint.  Plaintiff has suffered and will continue to suffer irreparable injury as a result of the unlawful acts, omissions, policies, and practices of the Defendant as alleged herein, unless Plaintiff is granted the relief she requests.  Plaintiff and Defendant have an actual controversy and opposing legal positions as to Defendant's violations of the laws of the United States and the State of California. The need for relief is critical because the rights at issue are paramount under the laws of the United States and the State of California.

WHEREFORE, Plaintiff Meredith Bright prays for judgment and the following specific relief against Defendant:

1.     An order enjoining Defendant, its agents, officials, employees, and all persons acting in concert with them:

    a.   From continuing the unlawful acts, conditions, and practices described in this Complaint;

    b.   To modify their policies and practices to accommodate service dog users in conformity with federal and state law, and to advise Plaintiff that her service dog will not be excluded should she desire to enter and use the services of Elliott's Bar;

    c.   That the Court issue preliminary and permanent injunction directing Defendant as current owners, operators, lessors, and/or lessees and/or their agents of the subject

property and premises to modify the above described property, premises, policies
and related policies and practices to provide full and equal access to all persons,
including persons with physical disabilities; and issue a preliminary and permanent
injunction pursuant to ADA section 12188(a) and state law directing Defendant to
provide facilities usable by Plaintiff and similarly situated persons with
disabilities, and which provide full and equal access, as required by law, and to
maintain such accessible facilities once they are provided and to train Defendant's
employees and agents in how to recognize disabled persons and accommodate
their rights and needs;

d. An order retaining jurisdiction of this case until Defendant have fully complied
with the orders of this Court, and there is a reasonable assurance that Defendant
will continue to comply in the future absent continuing jurisdiction;

2. An award to Plaintiff of statutory, actual, general, treble, and punitive damages in
amounts within the jurisdiction of the Court, all according to proof;

3. An award of civil penalty as against Defendant under California Penal Code §
365.5(c);

4. An award to Plaintiff pursuant to 42 U.S.C. § 12205, 29 U.S.C. § 794a, California
Civil Code §§ 52 and 54.3, California Code of Civil Procedure § 1021.5, and as otherwise
permitted by law, of the costs of this suit and reasonable attorneys' fees and litigation expenses;

5. An award of prejudgment interest pursuant to Civil Code § 3291;

6. Interest on monetary awards as permitted by law; and

7. Grant such other and further relief as this Court may deem just and proper.

Date: July 12, 2022                                    REIN & CLEFTON

                                              ___/s/ Aaron M. Clefton___
                                              By AARON M. CLEFTON, Esq.
                                              Attorneys for Plaintiff
                                              MEREDITH BRIGHT

//

17

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY DEMAND**

Plaintiff hereby demands a trial by jury for all claims for which a jury is permitted.

Date: July 12, 2022                                    REIN & CLEFTON

                                                       ___/s/ Aaron M. Clefton
                                                       By AARON M. CLEFTON, Esq.
                                                       Attorneys for Plaintiff
                                                       MEREDITH BRIGHT

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES